## UPMC HEALTH PLAN, INC., Petitioner

v.

## DEPARTMENT OF HEALTH AND PERMEDION, Respondents.

Commonwealth Court of Pennsylvania.

Decided Nov. 19, 2008.

Publication Ordered Feb. 19, 2009.

Laura N. Kuzmkowski, Pittsburgh, for petitioner.

Yvette M. Kostelac, Sr. Counsel, Harrisburg, for respondent, Dept. of Health.

OPINION BY Judge FRIEDMAN.

The Department of Health (DOH) has filed an "Application to Strike the Petition for Review of UPMC Health Plan, Inc., as against the Department of Health, to Remove the Department from the Caption, and to Excuse the Department from Certifying a Record" (Application). We grant the DOH's Application.

UPMC Health Plan, Inc. (UPMC) has petitioned for review of the July 22, 2008, determination of Permedion (Petition), a certified utilization review entity (CRE). The Petition alleges that Nichole Fiedor (Enrollee) requested that UPMC provide a SleepSafe 2 Hi/Lo bed for her son, Seth Fiedor, a minor. UPMC denied the request after determining that the bed was not medically necessary and that Seth's needs could be met by a reasonable alternative, such as the Pedi–Crib bed.

Enrollee filed first and second level internal grievances with UPMC, which were denied. Enrollee then requested an external review, which UPMC forwarded to the DOH. The DOH assigned the case to Permedion, which, on July 22, 2008, overturned UPMC's denial. Permedion determined that a SleepSafe 2 Hi/Lo bed is medically necessary and that a Pedi–Crib bed would not be effective because it does

not allow a range of heights to assist in transfers.[1]

In its Application, the DOH asserts that Permedion's determination was not made on behalf of the DOH. The DOH contends that its only role in the external grievance process was to certify Permedion as a review entity and to make the assignment to Permedion. The DOH points out that the decision of a review entity is appealed to a court of competent jurisdiction, not to the DOH. Thus, the DOH requests that this court strike UPMC's Petition as against the DOH, that this court remove the DOH from the caption and that this court excuse the DOH from certifying a record in this matter.[2]

■ We begin our analysis with an examination of the external grievance process. When an external grievance is filed, all documents from the internal grievance are forwarded to the CRE; the enrollee or health care provider may submit additional information. Section 2162(c)(2) of The Insurance Department Act of 1921 (Act).[3]

Within sixty (60) days of the filing of the external grievance, the utilization review entity conducting the external grievance shall **issue a written decision to the managed care plan, the enrollee and the health care provider,** including the basis and clinical rationale for the decision. The standard of review shall be whether the health care service denied by the internal grievance process was medically necessary and appropriate under the terms of the plan. **The external grievance decision shall be subject to appeal to a court of competent jurisdiction** within sixty (60) days of receipt of notice of the external grievance decision. There shall be a rebuttable presumption in favor of the decision of the utilization review entity conducting the external grievance.[4]

Section 2162(c)(5) of the Act, 40 P.S. § 991.2162(c)(5) (emphasis added).

"The managed care plan shall authorize any health care service or pay any claim determined to be medically necessary and appropriate [by a CRE] whether or not an appeal to a court of competent jurisdiction has been filed." Section 2162(c)(6) of the Act, 40 P.S. § 991.2162(c)(6). The DOH "shall investigate potential violations of the [statute] based upon information received from enrollees, health care providers and other sources in order to ensure compliance with [the statute]." Section 2181(d) of the Act, 40 P.S. § 991.2181(d).

"The [DOH] shall require that records and documents submitted to a . . . utilization review entity as part of any . . . grievance be made available to the [DOH], upon request, for purposes of enforcement or compliance with [the statute]." Section 2181(a) of the Act, 40 P.S. § 991.2181(a).

---

1. Before Permedion issued its determination, Enrollee sent a letter to the Department of Public Welfare (DPW) to request a hearing on UPMC's denial of her request for a SleepSafe 2 Hi/Lo bed. On September 9, 2008, DPW upheld UPMC's denial of Enrollee's request. UPMC contends that DPW's determination is correct and that Permedion's determination on behalf of the DOH is incorrect.

2. In response, UPMC admits that the DOH is not an interested party with respect to the outcome of the external grievance. However, UPMC points out that the DOH is required by statute to enforce the decision of Permedion.

UPMC argues that DPW's ruling, which conflicts with the determination of Permedion, would adversely affect the DOH's ability to enforce Permedion's determination.

3. Act of May 17, 1921, P.L. 789, added by section 1 of the Act of June 17, 1998, P.L. 464, 40 P.S. § 991.2162(c)(2).

4. Inasmuch as there is a rebuttable presumption in favor of the CRE determination on appeal, the court must afford the appellant an opportunity to present rebuttal evidence.

To enforce compliance with the statute, the DOH may: (1) impose a civil penalty for a violation of the statute; (2) maintain an action in the name of the Commonwealth for an injunction to prohibit an activity that violates the statute; (3) temporarily prohibit a managed care plan which violates the statute from enrolling new members. Section 2182 of the Act, 40 P.S. § 991.2182.

 After considering the statutory scheme, we conclude that the DOH is not a party to an appeal of a CRE determination. The DOH submits no material to the CRE. The DOH does not receive a copy of the CRE determination. If the DOH receives information that a managed care plan has not complied with the statute by authorizing a service or paying a claim pursuant to a CRE determination, the DOH shall investigate and, in doing so, shall request materials related to the CRE determination. The DOH may enforce compliance with the statute by means of a civil penalty, an injunction or an order prohibiting the enrollment of new members. None of these enforcement actions involve the DOH directly in the CRE determination itself or an appeal from the CRE determination. Rather, they pertain to enforcement of the statute.

Because the DOH has no involvement in the CRE determination or an appeal from that determination, we grant the DOH's Application.[5]

### ORDER

AND NOW, this 19th day of November, 2008, the "Application to Strike the Petition for Review of UPMC Health Plan, Inc., as against the Department of Health, to Remove the Department from the Cap-

tion, and to Excuse the Department from Certifying a Record," is hereby granted. We strike the petition for review of UPMC Health Plan, Inc. as to the Department of Health (DOH), remove the DOH from the caption and excuse the DOH from certifying a record.

The Chief Clerk is directed to remove the Department of Health from the caption.

---

5. We note that, during argument, Permedion orally requested that this court dismiss the petition for review as to Permedion. We decline to address the matter because the request was not properly before this court.